## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

WILLIAM C. SAPPINGTON                                      PETITIONER

v.                                                      No. 3:24CV107-GHD-RP

U.S. MARSHALS, ET AL.                                    RESPONDENTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of William C. Sappington for a writ of *habeas corpus* under 28 U.S.C. § 2241.[1, 2]   Having reviewed the petition, the court finds that it should be dismissed with prejudice as moot.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2241

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient.   Duker, The English Origins of the Writ of Habeas Corpus:   A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934).   It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States.   Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it.

---

[1] In the instant petition, Mr. Sappington primarily challenges his pretrial detention.   Doc. 1.   In his rambling narrative, the petitioner mentions other arrests and convictions – reflected in his lengthy criminal history.   *Id.*   The petitioner's primary issue is a challenge to the detention arising out of his most recent federal criminal case – which he has presented on the court's standard § 2241 petition (which is proper for such a challenge.)   As such, the court has construed it solely as §2241 challenge to that detention order.   If the petitioner wishes to make other challenges, he may pursue such claims in a separate action.

[2] The petitioner's disjointed allegations may touch on issues more appropriate for a civil rights challenge through 42 U.S.C. § 1983; however, they are too vague to properly categorize. If he wishes to flesh those claims out further, he may file a separate action to do so.

*Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56.   Its use by the federal courts was authorized in

Section 14 of the Judiciary Act of 1789.   *Habeas corpus* principles developed over time in both

English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code.   The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966.   The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases.   The changes made by the 1996 legislation are the end product of decades of debate about habeas corpus.

*Id.*

> Relief under § 2241 is available to a prisoner in five situations, when:
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state

custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond

order, etc.), permitting a federal court to order the discharge of any person held by a state in violation

of the supreme law of the land.   *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed.

969 (1915). Section 2241 also provides a remedy for federal prisoners in two instances, "(1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." Section 2241, Federal Habeas Manual § 1:29.

## Facts and Procedural Posture

On May 16, 2023, a Grand Jury returned an indictment charging the petitioner with threatening to kill Senator Roger Wicker in violation of 18 U.S.C. § 115(a)(1)(B) and (b)(4). *See United States v. Sappington*, 3:23CR70-GHD-RP (N.D. Miss.) Doc. 15 (Indictment).[3] He was held in pretrial detention at the Lafayette County Detention Center in Oxford, Mississippi. *Id.*, Doc. 14 (Order of Detention). At the time of the events giving rise to his criminal charges in this court, the petitioner was on parole from a 15-year sentence for theft of property. *Id.*, Doc. 10 (Bail Report) at 11. His arrest for threatening Senator Wicker led to revocation proceedings as to the Tennessee conviction. *Id.* The petitioner filed the instant petition for writ of *habeas corpus* under 28 U.S.C. § 2241 on April 22, 2024. Doc. 1. After a jury trial, he was acquitted. *United States v. Sappington*, 3:23CR70-GHD-RP (N.D. Miss.) Doc. 93 (Judgment). According to the Tennessee Department of Corrections website, the petitioner is currently on probation for the Tennessee charge, supervised by the Memphis Probation and Parole Office.[4]

## The Petitioner Is No Longer in Custody

The petitioner has been released from pretrial custody and is currently on parole in Tennessee.

---

[3] The court takes judicial notice of the record of the petitioner's federal and state and court proceedings in Mississippi and Tennessee courts. *See Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).

[4] A court may take judicial notice of information obtained on a government agency's website. *See Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (taking judicial notice of a Texas agency's website).

*United States v. Sappington*, Doc. 10 (Bail Report) at 11. His trial has concluded with his acquittal, and he has been released. *United States v. Sappington*, Doc. 93 (Judgment). As such, he is no longer in pretrial detention. Hence, he has obtained the relief available through a petition for writ of *habeas corpus* under 28 U.S.C. § 2241 – release from custody. As such, the instant petition must be dismissed as moot.

### Money Damages Are Not Available Through *Habeas Corpus* Proceedings

In addition, to the extent that the petitioner seeks money damages, that remedy is not available through *habeas corpus* proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, (1973) (money damages not cognizable through *habeas corpus*.) As such, the petitioner's claims for money damages must be dismissed.

### Claims Challenging Petitioner's Other Convictions Are Not Cognizable Through *Habeas Corpus* Proceedings Under 28 U.S.C. § 2241

The petitioner mentions a host of other convictions and alleges various issues in the proceedings of each. To the extent that he seeks to challenge those convictions, such challenges in state court are cognizable only through a *habeas corpus* proceeding brought under 28 U.S.C. § 2254, which applies to "a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254. As such, his claims under 28 U.S.C. § 2241 regarding state convictions must be dismissed.

### Claims Regarding Convictions With Expired Sentences Must Be Dismissed

It appears that the sentences in most of the convictions the petitioner mentions have fully expired.[5] Thus, he is not in custody as to those sentences or convictions, and any claims regarding

---

[5] The instant petition consists of a meandering narrative in no particular order, chronological or otherwise. The court has gleaned most of the information regarding the petitioner's convictions from the Bail Report in his recent criminal case in this court and from his file on the Tennessee Department of Corrections website.

the fully expired sentences must be dismissed for want of subject matter jurisdiction.[6, 7]

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as moot. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 10th day of February, 2025.

_____
SENIOR U.S. DISTRICT JUDGE

---

[6] In 1989, the Supreme Court ruled:

> The question presented by this case is whether a *habeas* petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not.

*Maleng v. Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 1926, 104 L. Ed. 2d 540 (1989).

[7] The petitioner has an extensive criminal history, with dozens of arrests and convictions from 1982 through 2014. *United States v. Sappington*, Doc. 10 (Bail Report). *Habeas corpus* actions challenging state and federal convictions are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1) (one-year limitations period for state convictions) and 28 U.S.C. § 2255(f)(1) (one-year limitations period for federal convictions). As the petitioner's most recent judgment of conviction (involving the theft of property charge) was entered in 2016 (some nine years ago), the one-year limitations period would likely bar any *habeas corpus* challenge at present. *United States v. Sappington*, Doc. 10 (Bail Report) at 11. It is not clear whether he is challenging those convictions or sentences; however, as the instant petition must be dismissed on the merits for multiple other reasons, the court will not consider the question of timeliness, which is subject to multiple tolling provisions.